UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                   Case No. 1:21-cr-20406-3

v.                                                Honorable Thomas L. Ludington
                                                    United States District Judge
BENJAMIN HENRY PLUTO,

       Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO EXCLUDE EXPERT TESTIMONY**

Transporting half a million dollars to purchase nearly forty pounds of cocaine, Benjamin Henry Pluto convoyed to meet a Mexican drug cartel at a hotel in Flint, Michigan. Little did he know, he was actually meeting undercover Homeland Security agents who recorded everything and arrested Pluto and his two comrades for drug trafficking. So alleges the Government.

Pluto wants to go to trial. But first, he seeks to exclude opinion testimony of an expert that the Government said it might introduce to testify to the source, packaging, and amount of the cocaine as evidence that Pluto intended to traffic it, not to use it.

The questions presented are whether the proposed opinion testimony is relevant to Pluto's charges and whether it impermissibly states a legal conclusion.

**I.**

In July 2022, Defendant Benjamin Henry Pluto was indicted on one count of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. First Superseding Indictment, ECF No. 67. In December 2022, a grand jury added a count of attempt to possess with intent to distribute cocaine, 18 U.S.C. § 2; 21 U.S.C. § 846. Second Superseding Indictment, ECF No. 141.

On December 14, 2022, the pretrial-motion deadline, Defendant filed a "motion to exclude expert/opinion testimony." ECF No. 142. The Government acknowledges that it might "introduce opinion testimony on issues of drug trafficking, including testimony on source countries, drug packaging and distribution versus user amounts of cocaine." ECF No. 162 at PageID.599. The Parties' deadline to provide their expert-witness disclosures is April 17, 2023. ECF No. 169.

## II.

"At the defendant's request, the government must disclose to the defendant, in writing, the information" for each expert witness it intends to use during its case-in-chief at trial. FED. R. CRIM. P. 16(a)(1)(G)(i), (iii). Among the required information is a written summary of "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications," as well as a list of every case in the past four years in which the expert testified. *United States v. Mills*, No. 16-CR-20460, 2019 WL 3423318, at *4 (E.D. Mich. July 30, 2019) (citing FED. R. CRIM. P. 16(a)(1)(G)(iii)). Without that information, a motion to exclude an expert's opinion testimony is premature. *United States v. Fitts*, No. 3:19-CR-75-PLR-DCP-1, 2020 WL 2515959, at *4 (E.D. Tenn. May 15, 2020).

Defendant's Motion is premature. As was stated months ago, the Government "**shall** . . . [p]rovide [its Rule 16(a)(1) disclosures **u**]*pon the request of defense counsel*." ECF No. 101 at PageID.256. Meanwhile, "[t]he Government has not provided formal notice of its intent to offer expert testimony." ECF No. 162 at PageID.600. And, though it is unclear whether Defendant has made such a request, he nevertheless "awaits disclosure making this Motion perhaps best heard for argument after such disclosure." ECF No. 142 at PageID.500.

And—more importantly—the Parties' deadline to submit their expert-witness disclosures is April 17, 2023. ECF No. 169. Indeed, on the Motion of Codefendant Michael Gonzales, the

Scheduling Order in this case was adjourned after a hearing at which Defendant Pluto and Defendant Marin waived their speedy-trial rights. ECF No. 169 at PageID.641 ("Marin and [Pluto] unequivocally agreed—the former stating that his Codefendant's Sixth Amendment right to counsel outweighs his on interest in a speedy trial.").

"[B]ecause Defendant has not received any discovery regarding expert witnesses that the government may call to testify, th[is] Court finds there is no basis for it to conduct a pretrial *Daubert* [analysis] at this time." *United States v. Fitts*, No. 3:19-CR-75-PLR-DCP-1, 2020 WL 2515959, at *4 (E.D. Tenn. May 15, 2020). Thus, Defendant's Motion will be denied, and he will be granted leave to refile it if the Government provides expert-witness disclosures under Federal Rule of Criminal Procedure 16(a)(1). *See, e.g.*, *United States v. Zube*, No. 1:20-CR-20491, 2022 WL 625071, at *3 (E.D. Mich. Mar. 3, 2022).

### III.

Accordingly, it is **ORDERED** that Defendant's Motion to Exclude Opinion/Expert Testimony, ECF No. 142, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 9, 2023                     s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge